UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GENE DeSHAWN M. WATKINS,                                                    Plaintiff,

v.                                                      Civil Action No. 3:16-cv-325-DJH

WLKY,                                                                       Defendant.

* * * * *

## MEMORANDUM OPINION

Plaintiff Gene DeShawn M. Watkins filed a *pro se* complaint.  Because Plaintiff is

proceeding *in forma pauperis*, the Court must review his complaint pursuant to 28 U.S.C.

§ 1915(e)(2).  For the reasons that follow, the action will be dismissed.

### I.

Plaintiff filed his complaint on a form for filing a civil-rights action pursuant to 42 U.S.C.

§ 1983 and/or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  He names

WLKY as the sole Defendant and seeks $5 million in damages.  He claims as follows:

> I am seekin monetary relief for Mental and Emotional stress Have agent
> Marshal ask the female weather ppl they no news reporters they cant hide
> behind the sheild law NBC used my run Quarter sprint Quarter jog Quarter
> sprint Quarter jog the method to win the triple crown and to say I am a liar
> and this is a horse state ask sports ppl at news station ask them do they
> know a blk man is undeafted in horse racin I run the NYSE threw Emailin
> abc I been on house money for yrs lets see if WlKy Wave3 tell the truth this
> is Professional neglect and incompedence it been 15 yrs Howard Marshal
> should go to some Metoroligist and ask them what they know weather ppl
> not no news reporters.

### II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action

under 28 U.S.C. § 1915(e).  On review, a district court must dismiss a case at any time if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist[.]"  *Id.*  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible").  The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, Plaintiff's allegations contain no legal theories upon which a valid federal claim may rest and are fantastic and wholly incredible.  Therefore, dismissal on the basis of frivolousness is appropriate.  *See Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  The instant complaint meets this standard as well.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: October 18, 2016

**David J. Hale, Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
4415.005